IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02317-MSK-BNB

ADAM ISLER,

Plaintiff,

v.

ALICIA VINYARD, Individually and in her official capacity as Mid Level Provider at FCI Florence,
DR. DAVID ALLRED, Individually and in his official capacity as former Clinical Director at FCI Florence,
LISA MCDERMOTT, Individually and in her official capacity as former AHSA at FCI Florence,
PETER BLUDWORTH, Individually and in his official capacity as A.W. at FCI Florence,
Dr. GEORGE SANTINI, Individually and in his official capacity as Staff Physician at FCI Florence,
MARK KELLAR, Individually and in his official capacity as HSA at FCI Florence before retirement,
ALYSON ALVARADO, Individually and in her official capacity as acting HSA at FCI Florence,
GILBERTA TRUJILLO, Individually and in her official capacity as Medical Secretary at FCI Florence, and
P. RANGEL, Individually and in his official capacity as A.W. at FCI Florence,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the following motions:

(1) The **Motion to Dismiss** filed by defendants Vineyard, Allred, McDermott,

Bludworth, Santini, Alvarado, Trujillo, and Rangel[1] [Doc. #19, filed 12/26/2013] (the "Motion");

and

---

[1]Defendant Vinyard's last name is correctly spelled Vineyard. Defendant Alvarado's first name is correctly spelled Allyson, and defendant Rangel's first name is Ponciano.

(2) **Defendant Mark Kellar's Motion to Dismiss** [Doc. #31, filed 01/30/2014].[2]

I respectfully RECOMMEND that the defendants' motions be GRANTED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on

---

[2]Defendant Mark Kellar's Motion to Dismiss adopts the arguments set forth in the other defendants' Motion to Dismiss.

> the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II. BACKGROUND

The plaintiff is incarcerated by the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") in Florence, Colorado. He filed his Prisoner Complaint on August 28, 2013 [Doc. #1] (the "Complaint"). The Complaint contains the following allegations:

1. The plaintiff injured his shoulder while at recreation in September 2009. He sought medical attention through the prison's sick call procedure. He ceased activity for 18 months and took nonsteroidal anti-inflammatory drugs. The medication and rest did not help with the pain.

*Complaint*, p. 6.³

    2. The plaintiff returned to sick call. The physician's assistant told him to rehabilitate the shoulder, which he tried. He continued to have intolerable pain. Id.

    3. The physician's assistant and Santini ordered a consult with an orthopedic surgeon who routinely visits the prison. The URC Committee denied the consult on July 22, 2010. Defendants Kellar, McDermott, Bludworth, Allred, Santini, Vineyard, and Trujillo were on the URC Committee. Id.

    4. On October 13, 2010, Dr. Allred injected the plaintiff's shoulder with Solumedrol, a steroid. The injection was ineffective. Id.

    5. The plaintiff continued to use the sick call procedure for his unrelenting pain. Id. at p. 7.

    6. The plaintiff was seen by an orthopedic surgeon on April 25, 2012. The surgeon injected the plaintiff's shoulder with Lidocaine, a "numbing medication." He told the plaintiff that if the Lidocaine relieved the pain, then surgery could be successful in permanently alleviating the pain. Id. at pp. 7, 10.

    7. The injection relieved the pain, and the plaintiff "reported the success" to Vineyard. Id. Vineyard informed the plaintiff that "he would have to start the whole process over again." In other words, he would have to be seen by the Physician's Assistant and Dr. Santini to obtain an order for a consultation; the consultation would need to be approved by the URC Committee; the surgeon would again inject the shoulder with Lidocaine; and if the plaintiff obtained relief

---

³I refer to the page numbers of the Complaint as they are assigned by the court's docketing system.

with Lidocaine, "they would consider a surgical solution." Id. at p. 10.

8. Alvarado, Rangel, Santini, Vineyard, and Trujillo currently are on the URC Committee. Id.

The plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Id at p. 4. He asserts two claims for relief. Claim One alleges that the URC Committee violated the plaintiff's Eighth Amendment rights when it denied a consultation with the orthopedic surgeon on July 22, 2010. Claim Two alleges that Vineyard violated the plaintiff's Eighth Amendment rights by deliberately denying medical care for a serious medical need by requiring the plaintiff to go through the process to obtain URC Committee approval for surgery. Claim Two also alleges that the URC Committee is "now delaying and denying care for the plaintiff." Id. at p. 10. The plaintiff seeks injunctive relief and compensatory damages. Id. at p. 16.[4]

### III. ANALYSIS

#### A. Official Capacity Claims

The defendants seek dismissal of the official capacity claims as barred by sovereign immunity. *Motion*, pp.12-13. The defendants assert a facial attack on the Complaint. Therefore, I must accept the allegations in the Complaint as true. Holt, 46 F.3d at 1003.

It is a well-established principle that "[a]s a sovereign, the United States 'is immune from suit save as it consents to be sued and the terms of its consent to be sued in any court define the

---

[4]Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

5

court's jurisdiction to entertain the suit.'" Lee v. United States, 980 F.2d 1337, 1340 (10th Cir. 1992) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).  Sovereign immunity is a jurisdictional bar to suit.  Federal Deposit Insurance Corp. v. Meyer, 510 U.S. 471, 475 (1994).

Suits against officers in their official capacities are suits against the entity of which an officer is an agent.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).  Bivens creates a cause of action only against federal officials in their individual capacities for money damages; it does not create a cause of action against the BOP or the United States.  Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005); Correctional Services Corp. v. Malesko, 534 U.S. 61, 72 (2001).  The defendants' Motion should be granted to the extent it seeks dismissal of the claims against the defendants in their official capacities for monetary damages.

Regarding the plaintiff's claims for injunctive relief, the Tenth Circuit Court of Appeals has stated that the Administrative Procedure Act, 5 U.S.C. § 702, waives sovereign immunity in most suits for nonmonetary relief.  Simmat, 413 F.3d at 1233.  Section 702 provides:

> An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

"This waiver is not limited to suits under the Administrative Procedure Act." Simmat, 413 F.3d at 1233.  The defendants do not discuss Simmat.  The Motion should be denied insofar as it seeks dismissal of the claims against the defendants in their official capacities for injunctive relief.

### B.  Statute of Limitation

The defendants argue that the plaintiff's challenge to the URC Committee's July 22, 2010, decision is barred by the statute of limitation.  *Motion*, pp. 10-11.  Bivens actions, like civil rights actions asserted pursuant to 42 U.S.C. § 1983, are subject to the statute of limitation of the state in which the action arose applicable to general personal injury claims.  See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994).  Colorado law establishes a two-year limitation period for such actions.  See section 13-80-102, C.R.S.; Blake v. Dickason, 997 F.2d 749, 750 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim).  Federal law determines when a cause of action accrues.  Industrial Constructors Corp., 15 F.3d at 968. "The statute of imitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." Id. at 969.

Claim One alleges constitutional violations resulting from the URC Committee's denial of a medical consult on July 22, 2010.  However, it is unclear from the allegations of the Complaint and its attachments exactly when the plaintiff received notice of denial and, therefore, when he knew or should have known that he was not receiving an orthopedic surgery consult.  Moreover, the plaintiff alleges that he did not complete exhaustion of his administrative remedies regarding this claim until July 2013. *Complaint*, p. 7.  The filing of an administrative grievance can toll the statute of limitations until the administrative remedies have been exhausted.  See Roberts v. Barreras, 484 F.3d 1236, 1238 (10th Cir.2007) (stating that "every circuit to address the issue has held that the filing of a mandatory administrative grievance tolls the statute of limitations for § 1983 and Bivens claims").  Therefore, it is unclear when Claim One accrued and whether the statute of limitation bars it.  The Motion should be denied insofar

as it seeks dismissal of Claim One as barred by the statute of limitation.

### C.  Individual Capacity Claims

#### 1.  Claims Against Defendant Alvarado: Absolute Immunity

The defendants assert that defendant Alvarado is absolutely immune from suit because she is a Public Health Service ("PHS") employee. *Motion*, pp. 11-12. The defendants are asserting a factual challenge to the Complaint as to subject matter jurisdiction. Under Holt, 46 F.3d at 1003, I do not presume the truthfulness of the Complaint's factual allegations. Instead, I have wide discretion to allow affidavits and other documents to resolve this jurisdictional challenge.

The defendants provide the Declaration of Allyson Alvarado. *Motion*, Ex. 1. Ms. Alvarado attests that she is a commissioned officer with the Public Health Service. Id. at ¶ 1. Specifically, Alvarado is the Health Services Administrator for the Federal Correctional Complex in Florence, Colorado. Id. At all time relevant to the allegations of the Complaint, she was acting within the course and scope of her employment. Id. at ¶ 2.

Under 42 U.S.C. § 233(a), an FTCA action against the United States is the sole remedy for injuries allegedly received at the hands of Public Health Service officers acting within the scope of their employment. Thus, Alvarado is immune to personal liability from the plaintiff's Bivens claims. Hui v. Casteneda, 559 U.S. 799, 806 (2010). The Motion should be granted insofar as it seeks dismissal of all claims against defendant Alvarado in her individual capacity.

#### 2.  Qualified Immunity

The defendants assert that they are entitled to qualified immunity. *Motion*, pp. 9-10. Qualified immunity shields government officials sued in their individual capacities from liability

for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  In order for a right to be "clearly established" for purposes of assessing entitlement to qualified immunity, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Anderson v. Creighton, 483 U.S. 635, 640 (1987).

When analyzing the issue of qualified immunity, I consider two factors.  I must determine whether the plaintiff has sufficiently alleged a violation of a statutory or constitutional right.  In addition, I must inquire whether the right was clearly established at the time of the violation.  Wilson v. Layne, 526 U.S. 603, 609 (1999); Butler v. City of Prairie Village, Kansas, 172 F.3d 736, 745 (10th Cir. 1999).[5]

The plaintiff asserts violations of his Eighth Amendment rights.  The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quotations and citations omitted).

A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "This is true whether the indifference is manifested by

---

[5]The order in which I may consider these factors is discretionary.  Pearson v. Callahan, 555 U.S.223, 236 (2009).  However, both prongs must be satisfied.  Herrera v. City of Albuquerque, 589 F.3d 1064, 1070 (10th Cir. 2009).

prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). A prison official is deliberately indifferent if he or she "knows of and disregards an excessive risk to inmate health." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

The plaintiff alleges that he suffered "intolerable pain and suffering" and "permanent injury" as a result of the defendants' denial of medical care for his shoulder injury. Those allegations are sufficient to state a plausible claim of a serious medical need.

The plaintiff has not, however, set forth any specific factual statements to state a plausible claim regarding the subjective component of deliberate indifference. The Complaint does not contain any factual allegations to show that each defendant knew the plaintiff was suffering "intolerable pain" or "permanent injury." The Complaint contains only conclusory allegations that the defendants were deliberately indifferent.[6]

In addition, it is apparent that the plaintiff disagrees with the treatments provided to him and insists that he should receive surgery. However, "a prisoner who merely disagrees with a

---

[6]The orthopedic surgeon's report is attached to the Complaint. The report does not document "intolerable" pain; it states that the plaintiff has "point tenderness directly over the AC joint" and "some mild pain with adduction." *Complaint*, p. 11. Therefore, even if it could be inferred that Vineyard saw the report, the inference would not extend to knowledge of intolerable pain and permanent injury.

10

diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).

The Motion should be granted insofar as it seeks dismissal of the plaintiff's claims for failure to state a claim upon which relief can be granted.

## IV. CONCLUSION

I respectfully RECOMMEND:

(1) The Motion to Dismiss filed by defendants Vineyard, Allred, McDermott, Bludworth, Santini, Alvarado, Trujillo, and Rangel [Doc. #19] be GRANTED; and

(2) Defendant Mark Kellar's Motion to Dismiss [Doc. #31] be GRANTED.[7]

Further the Clerk of the Court is directed to amend the docket to show that defendant Vinyard's last name is Vineyard; defendant Alvarado's first name is Allyson; and defendant Rangel's first name is Ponciano.

Dated May 14, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[7] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).